UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES,<br><br>Plaintiff,<br><br>v.<br><br>MIGUEL MICHAEL ALANIZ,<br><br>Defendant. | Case No. 1:21-cr-00243-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

The Defendant, Mike Alaniz, objected to the to the application of U.S.S.G. § 2D1.1(b)(1)'s two-level enhancement. Dkt. 32. He argued that the enhancement should not apply to his case because it was clearly improbable that the weapon was connected with the offense. Mr. Alaniz further argued that applying the enhancement would violate his Second Amendment rights under the test the Supreme Court announced in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). At the sentencing hearing, the Court overruled the objection on both grounds. This memorandum further explains the Court's ruling with respect to *Bruen*.

**MEMORANDUM DECISION AND ORDER - 1**

## DISCUSSION

The Second Amendment confers an individual right to keep and bear arms. However, in *Heller*, the Supreme Court recognized that "[l]ike most rights, the right secured by the Second Amendment is not unlimited" 554 U.S. 570, 626 (2008). In *Bruen*, the Court set out a two-step framework "to assess whether modern firearms regulations are consistent with the *Second Amendment's* text and historical understanding." 142 S. Ct. 2111, 2131 (2022).

The first prong of the *Bruen* test is textual: "When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." *Id.* at 2129-30. The second prong is historical: "The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.* The Court concludes that the enhancement under USSG § 2D1.1(b)(1)—which applies a two-level enhancement "[i]f a dangerous weapon (including a firearm) was possessed"— passes that test.

The textual prong is quite simple. The two-level enhancement applies "[i]f a dangerous weapon (including a firearm) was possessed." The Supreme Court has said that the Second Amendment's "operative clause—the right of the people to keep and bear Arms shall not be infringed—guarantees the individual right to

possess and carry weapons in case of confrontation that does not depend on service in the militia." *Bruen*, 142 S. Ct at 2127 (cleaned up). Because § 2D1.1(b)(1) restricts the possession of a firearm, the Court concludes that it regulates conduct which is facially covered by the plain text of the Second Amendment.

The historical prong is relatively straightforward. The Court agrees with the Fifth Circuit's analysis of this issue:

> It goes without saying that the historical traditions associated with the Second Amendment do not include ensuring admittedly-guilty-drug-offense conspirators' sentences are not enhanced when they have possessed firearms during activities related to their offense. . . . [D]rug traffickers pose a risk to society that is enhanced by their possessing firearms. Because this enhancement harmonizes with historical traditions regarding the Second Amendment, is not inconsistent with the right of Americans generally to bear arms, and punishes bearing arms only for unlawful purposes, this enhancement is constitutional."

*United States v. Moreno*, 811 F. App'x 219, 224 (5th Cir. 2020); s*ee also United States v. Greeno*, 679 F.3d 510, 517 (6th Cir. 2012) (finding that the enhancement is consistent with historical firearm regulations) (overruled on other grounds in *Bruen*, 142 S. Ct.).

In sum, because the enhancement and its commentary require that a defendant possess a firearm *in connection with the underlying offense*, it is constitutional. *See* USSG § 2D1.1(b)(1) Comment 11 ("The enhancement should be applied if the weapon was present, unless it is clearly improbable that the

**MEMORANDUM DECISION AND ORDER - 3**

weapon was connected with the offense."). The Second Amendment "does not entitle a drug trafficker to carry a firearm in furtherance of his criminal exploits, nor does it have any bearing on the application of U.S.S.G. § 2D1.1(b)(1)'s firearm enhancement." *United States v. Napolitan*, 762 F.3d 297, 311 (3d Cir. 2014); *see also United States v. Potter*, 630 F.3d 1260, 1261 (9th Cir. 2011) ("[I]t cannot seriously be contended that the Second Amendment guarantees a right to use a firearm in furtherance of drug trafficking.").

## ORDER

The Defendant, Mike Alaniz's, objection is OVERRULED for the reasons stated on the record during the sentencing hearing, as further supplemented by this memorandum.

DATED: August 26, 2022

_____
B. Lynn Winmill
U.S. District Court Judge